**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Brian K. Parsons, | : | Case No. 1:09 CV 102 |
| Plaintiff, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

Plaintiff seeks review, pursuant to 42 U. S. C. § 405(g), of the Commissioner's decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act). Pending are Defendant's Motion to Dismiss Untimely Complaint, or Alternately, Motion for Summary Judgment (Docket No. 15) and Plaintiff's Response (Docket No. 16). For the reasons that follow, the Magistrate recommends that the Motion to Dismiss be denied.

### I. STATEMENT OF THE CASE.

Plaintiff, a resident of Lorain County, Ohio, applied for a period of disability and DIB on September 13, 2004, alleging disability commencing March 14, 2003 (Docket No. 1, ¶s 2 & 3). The Social Security Administration denied Plaintiff's application for a period of disability and DIB on December 6, 2004 (Docket No. 1, ¶ 4). The Social Security Administration denied Plaintiff's

request for reconsideration on April 13, 2005, and Plaintiff requested a hearing on April 28, 2005 (Docket No. 1, ¶s 5 &6). Administrative Law Judge (ALJ) Thomas A. Ciccolini of the Social Security Administration in Cleveland, Ohio, conducted a hearing on March 27, 2007, at which Plaintiff, represented by counsel and Mark A. Anderson, a Vocational Expert (VE) appeared and testified (Docket No. 22, ¶ 7; Docket No. 15, Exhibit 2, pp. 4 and 16).

On April 7, 2007, the ALJ rendered an unfavorable decision to Plaintiff[1] (Docket No. 22, ¶ 8). Plaintiff filed a request for review of the ALJ's hearing decision with the Appeals Council of the Social Security Administration on May 11, 2007 (Docket No. 1, ¶ 9). The Appeals Council entered a decision dated November 6, 2008, affirming the ALJ's decision and finding that there was no basis for granting further review[2] (Docket No. 1, ¶ 10). On January 15, 2009, Plaintiff filed a complaint in this Court seeking judicial review.

## II. APPLICABLE LAW.

Congress has established the procedures and conditions which govern judicial review of administrative orders. *Mays v. Commissioner of Social* Security, 2010 WL 749727, *2 (S. D. Ohio

---

[1] ALJ Ciccolini found that Plaintiff did not have an impairment or combination of impairments the met or medically equaled one of the listed impairments. Although Plaintiff was incapable of performing his past relevant work, there were jobs in the national economy that he could perform given his age, education, work experience and residual functional capacity (Docket No. 15, Exhibit 2, pp. 7 of 16, 14 of 16 & 15 of 16).

[2] The Appeals Council's decision contained the standard language:

"To file an appeal, you must file your request for review within 60 days from the date you get this notice.
The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time."

2010) (*citing Tacoma v. Taxpayers of Tacoma,* 78 S. Ct. 1209, 1218 (1958)). Judicial review of final decisions on claims arising under Title II of the Act is provided for and limited by Sections 205(g) and (h) of the Act. *Id.* (*citing* 42 U.S.C. § 405(g) and (h)). The relevant provisions of Section 205 read as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Clearly, the above provisions provide that the only civil action permitted on any claim arising under Title II of the Act is an action to review the "final decision of the Commissioner made after a hearing" and that such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." *Id.*

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *Id.* (*see* regulations published December 9, 1976 in the Federal Register, 41 F.R. 53792, 20 C. F. R. § 422.210(c); *see also* 20 C. F. R. § 404.981). The "date of receipt" is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *Id.* (*citing* 20 C. F. R. §§ 404.901, 422.210(c)).

3

The Supreme Court of the United States has declared that the 60-day limit is not jurisdictional but a period of limitations. *Id.* at * 3 (*citing Bowen v. City of New York*, 106 S. Ct. 2022 (1986)). Thus, the period is subject to equitable tolling in some cases. *Id.* at * 3. Only in cases where equity favors extending the 60-day filing period should the courts extend the time allowed for commencing a civil action. *Id.* at * 3 (*citing Bowen,* 106 S. Ct. at 2030). In the absence of arguments alleging an erroneous calculation of the 60-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period. *Id.* at * 3 (*citing Castle v. Chater,* 934 F. Supp. 847, 848 (E. D. Ky. 1996)). Such circumstances include illness, mistake, destruction of records, accident or a claimant's misunderstanding of the appeal process. *Id.* at *3.

### III. ANALYSIS.

In this case, the final decision of Appeals Council was mailed on November 6, 2008. Since Plaintiff has not shown that he did not receive the decision of the Appeals Council within the prescribed 5-day period, the calculation of the 60-day period within which to file a civil action commenced on November 12, 2008. The 60-day period expired on January 12, 2009. Plaintiff does not allege an erroneous calculation of the 60-day period. Instead, Plaintiff concedes that the complaint was filed three days after the expiration of the 60-day filing period and no extension of time was requested from the Appeals Council.

In Plaintiff's Response to the Motion to Dismiss, counsel argues that the ALJ found that Plaintiff suffers from the severe mental impairments of adjustment disorder, depressed mood and moderate difficulty in maintaining concentration, persistence and pace. His counsel contends that the effect of Plaintiff's mental impairments was an inability to concentrate or manage his affairs as

evidenced by Plaintiff's inability to access his post-office box on a regular basis or execute and forward to counsel, documents needed to complete the filing of a civil action in a timely manner. The ALJ's findings support the argument of Plaintiff's counsel that Plaintiff was ill and failed to understand the gravity of failure to timely comply with the appeal procedure.  The Magistrate finds that these equitable circumstances-- illness and a misunderstanding of the appeal process-- justify an extension of the appeals period for three additional days.

## IV. CONCLUSION.

The Magistrate recommends that the Court deny Defendant's Motion to Dismiss Untimely Complaint, or Alternately, Motion for Summary Judgment and the Court enter an order directing:

(1) Defendant to file an answer and the transcript within twenty days after the date of this order,

(2) Plaintiff to file a brief on the merits within 45 days after the transcript has been filed,

(3) Defendant to file a brief on the merits within 45 days after service of Plaintiff's brief, and

(4) Plaintiff to file a reply within 14 days after service of Defendant's brief on the merits.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   May 6, 2010

## V. NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the

5

parties have fourteen (14) days after being served in which to file objections to said Report and Recommendation.  A party desiring to respond to an objection must do so within fourteen (14) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.