IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN K. PARSONS, ) | CASE NO: 1:09 CV0102 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | <u>ORDER ADOPTING</u> |
| COMMISSIONER OF ) | <u>MAGISTRATE'S REPORT AND</u> |
| SOCIAL SECURITY, ) | <u>RECOMMENDATION</u> |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Vernelis K. Armstrong issued on June 24, 2011 (ECF # 28). The Report and Recommendation (ECF # 28) is hereby ADOPTED. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of Defendant's final determination denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("Act"). Magistrate Judge Armstrong found that the Administrative Law Judge's decision was supported by substantial evidence and that the Administrative Law Judge ("ALJ") applied the appropriate legal standards. Plaintiff has filed no timely objection to the Report and Recommendation.

**Factual and Procedural History**

On September 13, 2004, Plaintiff filed an application for DIB, alleging that he had been disabled since March 14, 2003. The application for DIB was denied initially and upon reconsideration. ALJ Thomas Ciccolini conducted a hearing on March 27, 2007. The ALJ determined that the Plaintiff was not under a disability as defined under the Act. The ALJ found that the Plaintiff had two severe impairments, reflex sympathetic dystrophy and an adjustment

disorder with mixed anxiety and depressed mood. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1525 and 404.1526). Although the ALJ found that Plaintiff was incapable of performing his past relevant work, the ALJ did find that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Act, at any time from March 14, 2004 through April 11, 2007, the date of the decision (Tr. 16-28).

## Standard of Review for a Magistrate's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of

Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court, in *Thomas v. Arn*, 474 U.S. 140 (1985), examined the proper standard of review that a district judge must employ when reviewing an unopposed magistrate judge's report. When confronted with the proposition that the failure to object to a magistrate's report waives only *de novo* review, but does not waive some lesser standard of review, the Court disagreed. The Court rejected the idea that Congress mandated *de novo* review, or in fact, *any* type of review in this context. The Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Id.* at 150; *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." (citations omitted)).

Although it is not expressly required by the Federal Rules of Civil Procedure or by the Supreme Court, this Court will conduct a *de novo* review of a magistrate judge's report to which no objections have been filed. In the absence of a clearly articulated standard for the review of unopposed magistrate judge's reports, this Court chooses to employ the standard which is provided by Congress for opposed reports within the text of FED. R. CIV. P. 72. Therefore, in the interests of justice and fairness to the parties, the Court will employ a *de novo* standard rather than the "clearly erroneous" or "abuse of discretion" standards.

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful examination of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. This Court finds that Magistrate Judge Armstrong properly found judgment in favor of the Defendant to be appropriate. The ALJ's determination that Brian Parsons was not disabled was supported by substantial evidence. This court agrees with the decision of the Magistrate Judge, recommending that the decision of the ALJ be affirmed. This Court, therefore, adopts the Magistrate's Report in its entirety. The Social Security Administration's final decision denying Mr. Parson's application for Disability Insurance Benefits is affirmed.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: August 22, 2011